Thus it will be seen that from the contract itself, from an equitable viewpoint, from the decisions, and from "the soundest reasoning, which is the soundest law," the contention of the plaintiff in error is untenable, and that the court did not err in sustaining the demurrer to the petition.

*Judgment affirmed. Broyles, P. J., and Harwell, J., concur.*

---

### 9164.  SMALL v. AMERICAN NATIONAL BANK.

BLOODWORTH, J. The court did not err either in refusing to grant a nonsuit or in directing a verdict for the plaintiff.

      *Judgment affirmed. Broyles, P. J., and Harwell, J., concur.*
              DECIDED JULY 30, 1918.

Complaint; from city court of Macon—Judge Mathews presiding. July 13, 1917.

*W. D. McNeil,* for plaintiff in error.

*Hardeman, Jones, Park & Johnston, H. S. Strozier,* contra.

---

### 9353.  FULLER v. GEORGIA RAILWAY AND POWER COMPANY.

BLOODWORTH, J. The court did not err in granting a nonsuit in this case. *Judgment affirmed. Broyles, P. J., and Harwell, J., concur.*
              DECIDED JULY 30, 1918.

Action for damages; from Gordon superior court—Judge Fite. August 30, 1917.

*Lang & Lang,* for plaintiff.  *Colquitt & Conyers,* for defendant.

---

### 9647.  JENNINGS v. THE STATE.

BROYLES, P. J. 1. Under repeated rulings of the Supreme Court and of this court, a special ground of a motion for a new trial must be complete within itself. When, for a proper understanding of it, it is necessary to refer to another special ground of the motion, or to the record, it will not be considered. This ruling disposes of the special grounds of the motion for a new trial.

2. The verdict was authorized by the evidence.

      *Judgment affirmed. Bloodworth and Harwell, JJ., concur.*
              DECIDED JULY 30, 1918.